UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                            8:08-cr-450-T-33EAJ

CARL BLAIR, GEORGE AUGUSTUS,
DENEIL TENASHEL CAMPBELL and
ANTONIO MAURICE McCLAIN
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Deneil Campbell's Renewed Motion for Judgment of Acquittal, and in the Alternative, Motion for a New Trial (Doc. # 252), filed on February 26, 2010. The Government filed a response in opposition to the motion on March 5, 2010 (Doc. # 254). For the reasons stated below, Defendant's motion is due to be denied.

I. **Background**

The Government's March 4, 2009, superseding indictment charged in count one that Defendant "did knowingly and willfully conspire and agree with [others] to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1). In violation of Title 21 United States Code, Sections 846 and 841(b)(1)(A)." (Doc. # 45 at 1).

Count two of the superseding indictment charged that

Defendant possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (Doc. # 45 at 2). The Defendants were tried together, and the jury found Defendant guilty as to both counts of the indictment on February 19, 2010. (Doc. # 241).

Thereafter, on February 26, 2010, Defendant filed his post-trial motion, which is ripe for the Court's review.

## II. **Standard of Decision**

### A. **Rule 33 Motion for a New Trial**

A new trial pursuant to Fed.R.Crim.P. 33 may be granted in the interests of justice or on the basis of newly discovered evidence. United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted "in the interest of justice" if the motion is filed "within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Fed.R.Crim.P. 33(a) and (b)(2). In this case, the motion, filed on February 26, 2010, was timely filed within seven days of the jury's verdict.

A new trial may also be granted on the basis of newly discovered evidence. Fed.R.Crim.P. 33(b)(1). To warrant a new trial on the basis of newly discovered evidence, the defendant must establish all of the following: (1) the evidence was

discovered after trial; (2) the failure of defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result. Ramos, 179 F.3d at 1336 n.1; United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). In this case, the Defendant has not asserted that the discovery of new evidence warrants a new trial.

Since Defendant does not allege any newly discovered evidence, the Court will analyze the issues under Rules 33(a) and (b)(2). Pursuant to Rules 33(a) and (b)(2), the applicable standard is whether the "interest of justice" mandates a new trial.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). The court may "weigh the evidence and consider the credibility of witnesses." Id.; accord United States v. Cross, 258 F. App'x 259, 261 (11th Cir. 2007). "If the court concludes that ... the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and

3

submit the issues for determination by another jury." Martinez, 763 F.2d at 1312 (internal quotation marks omitted); accord Cross, 258 F. App'x at 261. The court may follow this course even if the evidence is legally sufficient to sustain the verdict. Martinez, 763 F.2d at 1312. However, the Eleventh Circuit has stated that "[a] motion for new trial must be viewed with 'great caution.'" United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988)).

Where a motion for new trial argues that the court committed errors during the trial, "the convicted defendant has the burden of showing that (1) some error was in fact committed and (2) that such error was prejudicial to him." United States v. Simms, 508 F. Supp. 1188, 1203 (W.D. La. 1980); accord United States v. DeLaughter, No. 8:07-cr-201, 2007 WL 3034645, at *1 (M.D. Fla. Oct. 16, 2007). Even if the defendant has made such a showing, a new trial is not warranted unless the error affected the defendant's substantial rights. Simms, 508 F. Supp. at 1203; accord DeLaughter, 2007 WL 3034645, at *1; see also Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "An error affects the defendant's substantial rights if it probably had a substantial influence on the jury's verdict."

4

United States v. Rodriguez, 259 F. App'x 270 (11th Cir. 2007) (internal quotation marks omitted) (quoting United States v. Stephens, 365 F.3d 967, 976–77 (11th Cir. 2004)). The court must inquire whether the error "was more likely than not a substantial factor" in the conviction. See Stephens, 365 F.3d at 980 (remanding for new trial after concluding that district court's evidentiary error "was more likely than not a substantial factor in [the defendant's] conviction").

**B. Rule 29 Motion for Judgment of Acquittal**

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (11th Cir. 2005)(quoting United States v. Miranda, 425 F.3d 953, 963 (11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998)(citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

**III. Analysis**

5

### A. Motion for New Trial

Defendant asserts that a new trial is warranted because: (1) the Government's translation of a September 17, 2008, tape-recorded conversation (Exhibit 40) was inaccurate; (2) the Government failed to prove that Defendant had knowledge of "an impending reverse stash house robbery" (Doc. # 252 at 12); (3) Government witness Chad Horst "was impeached and his credibility left severely damaged" (Doc. # 252 at 8); and (4) a Government witness improperly remarked that Defendant McClain was the only defendant with a "clean record" (Doc. # 252 at 14).

Defendant asserts that a judgment of acquittal is warranted because "no reasonable jury could find that the Government proved each element of the offenses beyond a reasonable doubt." (Doc. # 252 at 14).

The Court will address each of these arguments below.

### 1. Exhibit 40

Defendant argues that a new trial is warranted due to the admission of Government Exhibit 40, a written transcript of a tape-recorded conversation in Patois between Defendants in the back of a police cruiser after the Defendants' arrests on September 17, 2008. The Government's tape-recorded Patois conversations of Defendants and the Government's translated transcript were admitted into evidence as Government's

Exhibits 39 and 40, respectively.

The Government, on the other hand, points out that, during authentication of the transcript through Government witnesses Horst, Urton, and Patrick, the Government described each witness's ability to differentiate voices (based on the witnesses not being present in the vehicle, not speaking Patois, and having no familiarity with Defendants' voices). Further, on cross examination, counsel for Defendant had the opportunity to explore any transcript inaccuracies.

As to Exhibit 40, the Court gave a special jury instruction (Jury Instruction No. 19), which follows:

> As you have heard, Exhibit 40 has been identified as a typewritten transcript and partial translation from Patois into English of the oral conversation that can be heard on the tape recording received in evidence as Exhibit 39. The transcript also purports to identify the speakers engaged in such conversation.
> I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, particularly those portions spoken in Patois, and also to aid you in identifying the speakers.
> However, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

(Doc. # 238 at 22).

The Government remarked to the jury, where there is a conflict, look to the audio, not to the transcript. The audio is the evidence. In light of the Court's specific instruction regarding the limited purpose of the translation of the tape-recorded conversation, and for the other reasons outlined above, the Court denies Defendant's request for a new trial on the basis of alleged inaccuracies in Exhibit 40.

### 2. **Defendant's Knowledge of the Conspiracy**

Defendant also argues that the only evidence the Government had to prove that he knew of the impending reverse stash house sting was that Defendant nodded his head. The Court denies Defendant's request for a new trial on the basis of lack of evidence that Defendant was aware of the reverse stash house sting. The Government presented evidence beyond mere head nodding. As provided in the Government's response to the Motion:

> [T]he direct ... and circumstantial evidence ... mainly Agent Neal's statement involving "25 keys ... these guys with guns, these guys – everybody up for that shit," the defendant nodding his head in answer to Agent's questions, the defendant asking "they strapped?" among other questions, the defendant's close proximity in the car to Augustus when Augustus stated, "we only got one pistol," and the defendant's statements ... while in the back of the patrol car post-arrest is overwhelmingly sufficient to prove that the defendant was a knowing and willing participant in the conspiracy.

(Doc. # 254 at 7).

8

In addition, the record reflects that Defendant provided his girlfriend's car for use in the conspiracy and allowed Defendant McClain to drive. Upon due consideration, the Court determines that a new trial is not warranted on the basis of the sufficiency of the evidence of Defendant's knowledge of the conspiracy.

### 3. **Agent Horst's Credibility**

Defendant also asserts that a new trial is needed because Agent Horst "was impeached and his credibility left severely damaged." (Doc. # 252 at 8). Defendant also characterizes Agent Horst's testimony as "textbook double hearsay." (Doc. # 252 at 8).

The Court can dispose of Defendant's arguments concerning Agent Horst in short order. The Court determines that Agent Horst was not impeached by Defendant to the point of being severely damaged, as argued by Defendant. In fact, the Court does not find that Agent Horst was impeached at all. The Court agrees with the Government that Defendant's arguments present "an incredible and disingenuous application of a poorly worded and ambiguous question." (Doc. # 254 at 4).

In addition, because Agent Horst was the case agent and custodian of the evidence, his statements were not offered for the truth of the matter asserted, but rather to show why the knife in question was taken into custody.

9

In addition, Defendant's arguments concerning hearsay are moot because Agent O'Kelly took the stand and offered the same testimony without a violation of the hearsay rules. Thus, a new trial on the basis of Agent Horst's testimony is not warranted.

### 4. "Clean Record" Comment

Defendant also argues that a new trial is warranted because a Government witness remarked that Defendant McClain was the only defendant with a "clean record," implying that the co-defendants, including Defendant Campbell have criminal records.

The Government responds that the "clean record" remark pertained to Defendant McClain's driving record, not criminal record. The Government explains that its theory of the case was that each Defendant had certain responsibilities and that Defendant McClain served as the driver of the "get-a-way" car because McClain stipulated that he had a valid driver license and Augustus admitted to having a suspended driver license and so did Defendant Campbell. (Doc. # 254 at 8).

Even though it was made clear that the comment regarding Defendant McClain's "clean record" did not pertain to any Defendant's criminal record, the Court struck the question and instructed the jury to disregard it. During closing argument, the only argument involving a "record" involved Defendant

10

McClain's valid driver license.

Accordingly, the Court determines that a new trial is not warranted on the basis of the Government witness's remark concerning Defendant McClain's driving record.

### B. Motion for Judgment of Acquittal

Defendant contends that a judgment of acquittal is warranted because "no reasonable jury could find that the Government proved each element of the offenses beyond a reasonable doubt." (Doc. # 252 at 14).

As noted above, "[t]he standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998)(citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

In this case, the Government satisfied its burden with respect to Defendant, and the jury correctly determined that Defendant was guilty beyond a reasonable doubt. The evidence does not preponderate against the verdict, such that it would be a miscarriage of justice to let the verdict stand. The Court has evaluated each error alleged by Defendant and has determined that neither a new trial nor a judgment of acquittal is warranted.

11

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Deneil Campbell's Renewed Motion for Judgment of Acquittal, and in the Alternative, Motion for a New Trial (Doc. # 252) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of May 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record