UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:08-cr-450-VMC-CPT

DENEIL TENASHEL CAMPBELL

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Deneil Tenashel Campbell's pro se "Motion for Sentence Reduction under 603(b) of the First Step Act and 18 U.S.C. § 3582(c)" (Doc. # 470), filed on August 9, 2021. The United States of America responded on September 9, 2021. (Doc. # 474). For the reasons set forth below, the Motion is denied.

**I.   Background**

On July 8, 2010, Campbell was sentenced to a total term of imprisonment of 295 months for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime. (Doc. # 276). Then, on February 4, 2015, an amended judgment was entered, reducing Campbell's sentence to 248 months. (Doc. # 210). Pursuant to Amendment 782, his term of imprisonment was subsequently reduced to 211 months. (Doc. # 450). Campbell is 34 years old, and his projected release

1

date is November 30, 2023. See BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on September 13, 2021).

In the Motion, Campbell seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, because of his rehabilitation in prison and his belief that he would have received a lower sentence if he were sentenced today. (Doc. # 470). The United States has responded (Doc. # 474), and the Motion is now ripe for review.

## II. Discussion

### A. Compassionate Release

The United States argues that the Motion should be denied because Campbell has not established an extraordinary or compelling reason for compassionate release. (Id. at 2-3). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). The Court construes Campbell's Motion as arguing that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

2

> defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States appears to concede that Campbell exhausted his administrative remedies. (Doc. # 474 at 2). Even assuming that Campbell has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability

3

of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021)("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Campbell bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

While Campbell argues that release is appropriate because he has served over half his sentence, has made positive life changes while in prison, and his father is blind, these are not extraordinary and compelling reasons under the law. Bryant, 996 F.3d at 1248; see also United States v. White, No. 6:95-cr-179-ACC-DCI, 2021 WL 2784325, at *3 (M.D. Fla. July 2, 2021) ("While the Court commends Defendant's commitment to rehabilitation, the Court cannot determine that a defendant's rehabilitation or a statutory

4

change constitutes an extraordinary and compelling reason for relief." (citing Bryant, 996 F.3d at 1265)).

Even if the Court could consider other reasons for compassionate release, the Court still would not find that these circumstances — while laudable and understandable — are extraordinary and compelling. See United States v. Guyton, --- F. App'x ---, 2021 WL 2310420, at *2 (11th Cir. June 7, 2021) ("A defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement."); United States v. Greene, No. 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Maine Aug. 4, 2020) (finding that a need to care for an inmate's blind, elderly mother, who had a serious heart condition, does not constitute an extraordinary and compelling circumstance warranting compassionate release).

Furthermore, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. Given that Campbell was involved in a serious drug trafficking conspiracy, possessed a weapon to further such conspiracy, and has over two years left on his sentence, compassionate release at this time would not adequately protect the public and reflect the seriousness of

5

his crime. Thus, the Motion is denied as to compassionate release.

**B.    Fair Sentencing Act**

Campbell's brief motion does not mention the First Step Act's retroactivity amendment to the Fair Sentencing Act. (Doc. # 470). However, to the extent Campbell argues that he would have received a lesser sentence had he been sentenced today, the Court finds that Campbell is not eligible for relief under the First Step Act.

As the United States persuasively explains, Campbell is not eligible "because the amount of crack cocaine Campbell conspired to distribute far exceeded the heightened threshold of the First Step Act." (Doc. # 474 at 4). At sentencing, Campbell was held responsible for at least 25 kilograms of crack cocaine. (Doc. # 443 at 8); see also United States v. Jones, 962 F.3d 1290, 1303 (11th Cir. 2020) ("[I]n determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing."), cert. denied, 209 L. Ed. 2d 758 (May 17, 2021). Because Campbell was accountable for such a large amount of drugs and Section 841(b)(1)(A)'s threshold quantity is now

6

280 grams, Section 841(b)(1)(A) remains the governing penalty provision for Campbell. See 21 U.S.C. § 841(b)(1)(A) (setting "a term of imprisonment which may not be less than 10 years or more than life" for violations involving "280 grams or more of a mixture or substance described in clause (ii) which contains cocaine base").

"In short, Campbell's sentence today would not have been lower under the amendments brought about by the Fair Sentencing Act" and he "is not entitled to relief under the retroactivity provisions of the First Step Act." (Doc. # 474 at 6). The Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Deneil Tenashel Campbell's pro se "Motion for Sentence Reduction under 603(b) of the First Step Act and 18 U.S.C. § 3582(c)" (Doc. # 470) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of September, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE